### ALONZO D. BENNETT v. CLARA SHAW.

INTRODUCTION OF A BOOK OF ACCOUNTS.

In order that an account book may be introduced in evidence as being competent, the party or any competent witness must testify that it is a book of original entries; that the entries therein were made by him or by a person now deceased, or by a disinterested person now non-resident of the county, and until such facts are shown such book is incompetent and cannot be introduced as evidence.

ERROR.

KING, J.

This is a proceeding to reverse the judgment of the court of common pleas. Alonzo D. Bennett brought an action in that court to recover of the defendant $669 claimed to be due him on an account for work and labor performed for defendant at her request on certain buildings, plaintiff being a carpenter. The answer, in substance, was a general denial. On the trial it was stated by defendant's counsel that they did not dispute all the items but that certain of them were disputed. The plaintiff was called as a witness, and testified, so far as he knew, about the transaction; that he had done work for the defendant on different houses,' but the amounts of it he did not know. He had also furnished materials; the amounts of these he did not know. But he said, among other things, that he kept a shop in which he did a large part of the work; and he employed foremen, and employed one who was especially the foreman of the shop; and in building a number of houses—he had employed a foreman on each one of those houses. The foreman of the shop was also foreman upon one of the houses, and that one had been built on account—that is, there had been no contract price agreed upon before the building was erected. The foreman had kept a book of the time of the men employed in the work on the building, and of the men engaged in the shop, and also an account of the amount of lumber used in the construction which book was in his handwriting. He had kept a time-book which was a sort of memorandum book, and had himself transcribed upon another book, all but one page, and that the plaintiff testified he had transcribed from the foreman's book. The foreman was a witness subpœnaed by the defendant, and the plaintiff did not call him. Plaintiff

then offered the book in evidence, with the proof substantially as I have stated it, and the court rejected it. On the submission of the case to the jury as the proof then stood, the jury found for the defendant.

It is urged that it was error for the court to have refused to admit those books in evidence; and it is urged that they were primary evidence of the furnishing of these materials and in the doing of this work. With this claim of the plaintiff in error the court cannot agree. Any party in the state of Ohio has a right to testify, and to corroborate his testimony with that of any other witness. If he brings his action upon an account, his own testimony is the highest and best evidence that can be offered of the facts set forth in his petition, or that of the witnesses who had the transactions—who performed the work, or who delivered the material described in his petition. The fact that at the time of the performance of the work and the delivery of the material these transactions were recorded in a book is merely corroberative, and is secondary evidence, of the transactions themselves; but if those transactions are recorded at the time, and it is testified to by some person who knows of it, that they were recorded at the time, and if the person who recorded them is present and testifies that he recorded them, and that they were truthfully recorded, the book may be received in evidence, not independent of the testimony of the witnesses, but in connection with their testimony. This we think is the certain rule upon the subject. Within very recent years—1885—the statute bearing upon that subject has been amended; but the statute reads, as to the right of a party to testify, as follows:

Section 5242. A party shall not testify where the adverse party is the guardian or trustee of either a deaf and dumb or an insane person, or of a child of a deceased person, or is an executor or administrator, or claims or defends as heir, grantee, assignee, devisee, or legatee, of a deceased person, except.

And certain exceptions are given. The sixth exception reads now, all the time bearing in mind that one party is under the disability named;

If the claim or defense is founded on a book account, a party may testify that the book is his account book; that it is a book of original entries; that the entries therein were made by himself, a person since deceased, or a disinterested person, non resident of the county. Whereupon the book shall be competent evidence.

Up to that point the statute stood as read until 1885, then there was added these words: "And such book may be admitted in evidence in any case, without regard to the parties, upon like proof by any competent witness." So that now, whatever may have been the law before, such account book, when it is testified to by the party, or by any competent witness, that it is his book; that it is a book of original entries; that the entries therein were made by himself or by a person now deceased, or by a disinterested person non-resident of the county, is competent evidence. Clearly under that statute, these books were not competent evidence. There is no evidence here that these transactions were recorded at the time they occurred; there is no evidence here that they were correctly recorded by anybody, and the witness who recorded them was present in court, sitting by when this case was tried; and the statute has made no exception that because he happened to be there at the solicitation or under the subpœna of the adverse party, he would not be a necessary witness to prove the correctness of his own handwriting. It does not occur to the court that there is any legitimate excuse for not calling him,

5  C.  C.  3J

if those books were correct, as is claimed. It cannot be presumed that, because a witness is called into court by the party adverse to the one who desires his testimony that such one would thereby be excused from making the proof necessary in his case. Nor can it be assumed that if he were called, he would testify falsely. Mr. Bennett swears that these entries were made by a certain man. We cannot assume that if this witness were called by Mr. Bennett—even though he was subpœnaed by the other side, he would not have testified that these entries were made by him, and were correct. If he did so testify, the books would have been admitted. We do not think the court erred in ruling them out.

This is the only question raised in the case, and the judgment of the court will therefore be affirmed.

*J. A. Chase* and *A. W. Eckert*, for Plaintiff in Error.

*C. F. France*, for Defendant in Error.